UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DEREK LEE DAUGHERTY**                                                 **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:16-CV-P490-GNS**

**SOUTHERN HEALTH PARTNERS**                                   **DEFENDANT**

**MEMORANDUM OPINION**

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Derek Lee Daugherty leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff is currently detained at Hardin County Detention Center (HCDC). He brings this action against Southern Health Partners (SHP). In his complaint, Plaintiff writes as follows:

> I, Derek Daugherty, have had my rights violated by the way of intentional denial of medical services & treatment by Southern Health Partners, medical provider at Hardin County Detention Center. My eighth amendment right has been violated, as a result of intentional denial of Medical Provider, Southern Health Partners at Hardin County Detention Center. 10.3 Right to Medical Aid as stated as a right in the eighth amendment as a citizen of United States of America.

As relief, Plaintiff request money damages.

**II.**

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). However, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

Based on the complaint, the Court presumes that SHP is a private entity which contracts with HCDC to provide medical care to inmates. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality also applies to a § 1983 claim against a private corporation such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Thus, a private corporation such as SHP is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of a constitutional right. *Id.* at 817. Here, Plaintiff makes no allegation that any alleged constitutional deprivation resulted from a SHP policy or custom.

Additionally, Plaintiff's complaint is no more than a "bare assertion of legal conclusions." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). It does not "contain either direct or inferential allegations" respecting the material elements of any viable legal theory. *Id.* And although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404

U.S. 519, 520 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Here, Plaintiff's complaint would require the Court to conjure up unpled allegations "to create a claim" for Plaintiff which he "has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d at 1169.

Thus, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, this action will be dismissed by separate Order.

Date: November 29, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4416.011